UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES BROWN, | ) | CASE NO. 1:08 CV 0653 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES COURT | ) | |
| OF APPEALS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Charles Brown filed the above-captioned in forma pauperis action against the United States Court of Appeals and Supreme Court of the United States on March 14, 2008. He asserts he filed a case in federal court seeking a fair chance, but "his case was dismiss [sic] in direct violation of the law." (Compl. at 1.)

Mr. Brown does not identify what judgment or number assigned to the case he is challenging. It appears that the last case he filed in this court, before the present one, was on February 12, 2008.[1]  Brown v. Lorain, No. 1:08cv0329 (N.D. Ohio 2008)(Lioi, J.)  The matter was dismissed on April 16, 2008 by Judge Sara Lioi pursuant to 28 U.S.C. § 1915(e).

---

[1] This information was obtained from the records of the District Court for the Northern District of Ohio, of which this Court is permitted to take judicial notice. See United States v. Rigdon, 459 F.2d 379, 380 (6th Cir.1972).

In his present complaint, Mr. Brown claims he could have received a more fair hearing in his own county than he did in this court. He complains that since "send [sic] my case has been going on I have had my C.D.s come up missing, some of my court document[s] lost and come up missing." (Compl. at 1.) He is asking for a "Trial where I would of had a fair chance. I [have] proven my case beyond a doubt. The court did with blanted [sic] disregard of the law my case was dismiss[ed] in direct violation of the law." (Compl. at 1.)

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Failure to State a Claim*

There is no statement or reference in the complaint that sets forth this court's jurisdiction over the matter. Principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Id. at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest

2

arguments and most successful strategies for a party." Id. at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (a pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

          s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: June 9, 2008

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.